UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| FRANK PATRICK ACOSTA, | ) | CR 02-390 AHS |
| | ) | SACV 10-1019 AHS |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION TO REOPEN AND FOR |
| UNITED STATES OF AMERICA, | ) | RELIEF FROM PREMATURE DENIAL |
| | ) | OF FULL AND FAIR HEARING ON |
| Respondent. | ) | HIS HABEAS PETITION PURSUANT |
| | ) | TO 28 U.S.C. § 2255 [CV ECF |
| _____ | ) | No. 18] |

**I.**

**PROCEDURAL BACKGROUND**

On April 18, 2002, Frank Acosta ("petitioner") and Elizabeth Madrigal, his spouse, were indicted for their participation in a scheme to defraud the United States Department of Housing and Urban Development ("HUD") by submitting fraudulent home loan applications. On December 19, 2002, the government filed a First Superseding Indictment against petitioner and Madrigal. Madrigal entered into a plea agreement with the government, which was filed on August 21, 2003. Petitioner's first jury trial began on August 26, 2003, and lasted twelve days. On September 16, 2003,

the Court declared a mistrial and set the matter for retrial.

On February 26, 2004, the government filed a twenty-six count Second Superseding Indictment against petitioner charging violations of 18 U.S.C. § 371 (conspiracy), 18 U.S.C. § 1343 (false statements to the government), 18 U.S.C. § 1956 (money laundering), and 18 U.S.C. § 1512(b)(3) (witness tampering). Petitioner's second jury trial began on February 15, 2005. On March 2, 2005, the Court granted petitioner's Federal Rule of Criminal Procedure 29 motion as to count 26 (witness tampering). On March 10, 2005, after a thirteen-day jury trial, petitioner was found guilty on all remaining counts. On May 23, 2005, represented by new attorneys, petitioner moved for a judgment of acquittal or, alternatively, a new trial. On June 13, 2005, the Court denied petitioner's motion and sentenced him to a term of 60 months imprisonment and three years of supervised release. The Court also ordered petitioner to pay a special assessment of $2,500 and restitution in the amount of $1,395,572.70. The foregoing proceedings were presided over by the Honorable Dickran M. Tevrizian, United States District Judge, retired.

On June 21, 2005, petitioner appealed. On February 27, 2007, the Court of Appeals for the Ninth Circuit affirmed petitioner's conviction, but vacated his sentence and ordered the matter remanded for resentencing. On June 14, 2007, the Ninth Circuit denied his petition for rehearing and the petition for rehearing en banc. On June 29, 2007, the Ninth Circuit granted petitioner's motion to stay the mandate pending the filing of a petition for writ of certiorari in the United States Supreme Court. On October 9, 2007, the Supreme Court denied the petition for writ

of certiorari.

Upon resumption of proceedings in the district court, the matter was reassigned to this Court's docket.  On July 6, 2009, the Court sentenced petitioner to a term of 78 months imprisonment and three years of supervised release.  The Court also ordered petitioner to pay a special assessment of $2,100 and restitution in the amount of $1,364,214.60.

On July 6, 2010, petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("2255 Motion") on the grounds that he was denied effective assistance of counsel.  The Court ordered a briefing schedule.  On December 13, 2010, after two requests for an extension of time, the government filed its opposition.  Petitioner requested an extension of time to file his reply to the government's opposition three times; the last request having been filed on June 20, 2011.  Petitioner did not file a reply by August 3, 2011, the last deadline set by the Court. On December 14, 2011, the Court denied petitioner's 2255 Motion. The Court also denied any request for a certificate of appealability.  On July 11, 2012, the Ninth Circuit denied petitioner's request for a certificate of appealability.

On February 24, 2012, attorney Ezekiel Cortez entered an appearance on behalf of petitioner in this Court.  On February 26, 2013, petitioner's new counsel filed a Motion to Reopen and for Relief from Premature Denial of Full and Fair Hearing on His Habeas Petition Pursuant to 28 U.S.C. § 2255 ("Motion to Reopen").  On March 6, 2013, the Court ordered a briefing schedule.  On April 8, 2013, after being granted an extension of time, the government filed its opposition.  On May 8, 2013, after being granted an

extension of time, petitioner filed his reply.

## II.

### **SUMMARY OF PARTIES' CONTENTIONS**

Petitioner contends that the Court did not give him an opportunity to meaningfully respond to the government's opposition to his 2255 Motion. Petitioner requests the opportunity "to supplement his first petition with a [reply] now that he is finally represented by legal counsel." (Pet'r's Mot. Reopen 8, CV ECF No. 18.)[1] According to petitioner, recent developments in the law support his request. (<u>Id.</u> at 18-19.) Finally, petitioner argues that the Court held him to "too high a standard for a pro se party" and improperly declined to hold an evidentiary hearing on his 2255 Motion. (<u>Id.</u> at 9, 11-12.)

The government contends that petitioner's Motion to Reopen constitutes an improper second or successive § 2255 motion. (Gov't's Opp'n 8-9, CV ECF No. 23.) But even if the Court does not construe the Motion to Reopen as such, the government argues, petitioner is not entitled to the requested relief because he had no right to counsel in the § 2255 proceeding. (<u>Id.</u> at 10.) Finally, the government argues that the Court held petitioner to the correct standard as a pro se party and properly declined to hold an evidentiary hearing on his 2255 Motion. (<u>Id.</u> at 14-16.)

//
//

---

[1] "CV ECF" refers to the filing number in petitioner's civil case, 8:10-cv-01019-AHS. "CR ECF" refers to the filing number in petitioner's criminal case, 2:02-cr-00390-AHS.

4

III.

DISCUSSION

A. Motion to Reopen

The Court finds no authority and petitioner cites none to support a motion to reopen.[2] Assuming the Motion to Reopen is actually a motion to extend time to file a reply and for relief from the entry of judgment, the requisite showing of just cause is lacking. The judgment of December 15, 2011 became final on or about February 15, 2012. Petitioner's new counsel, Mr. Cortez, was retained on February 6, 2012. (Cortez Decl. ¶ 11, May 7, 2012, CV ECF No. 18-2.) The Ninth Circuit denied petitioner's certificate of appealability on July 11, 2012. The Motion to Reopen was not filed until February 26, 2013. No diligent pursuit of remedy is shown, nor, more importantly, is there a hint as to what of substance would be offered were relief granted. On the merits, therefore, the Motion to Reopen must be denied.

B. Right to Counsel

As petitioner acknowledges, generally there is no right to counsel in collateral proceedings. (Pet'r's Mot. Reopen 15.) The right to counsel "extends to the first appeal of right, and no

---

[2] In <u>Buenrostro v. United States</u>, 697 F.3d 1137, 1139 (9th Cir. 2012), the Ninth Circuit implicitly treated reopening a § 2255 proceeding as a proper motion under Federal Rule of Civil Procedure 60(b). However, the appellate court was not called upon to address the motion's procedural propriety, possibly because the petitioner claimed newly discovered evidence (Fed. R. Civ. P. 60(b)(2)). In <u>Buenrostro</u>, the movant tried to raise a new claim of ineffective assistance of counsel. Here, petitioner does not claim new evidence and denies trying to raise a new claim. The <u>Buenrostro</u> decision does not authorize a stand-alone motion to reopen a § 2255 motion in the district court.

further." Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987). More specifically, there is no right to counsel in § 2255 proceedings. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990). Petitioner argues, however, that Martinez v. Ryan, 132 S. Ct. 1309, 1318, 182 L. Ed. 2d 272 (2012), "may be a watershed change in the law applicable to the interplay between the Sixth and Fifth Amendment right to counsel and right to be meaningfully heard, and post[-]conviction relief." (Pet'r's Mot. Reopen 18.)

Contrary to petitioner's argument, the United States Supreme Court in Martinez did not establish a constitutional right to counsel in all collateral proceedings. In fact, the Ninth Circuit has held specifically that Martinez is inapplicable to federal convictions. Buenrostro, 697 F.3d at 1140. For this reason alone, petitioner's reliance on Martinez is misplaced.

Furthermore, Martinez addressed only "whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." Martinez, 132 S. Ct. at 1315. The Court narrowly held in this "equitable ruling" that inadequate assistance of counsel at an initial-review collateral proceeding may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. Id. Therefore, even if Martinez did apply to federal convictions, it would not support petitioner's position.

C.  Evidentiary Hearing

Under United States v. Mejia-Mesa, 153 F.3d 925, 929 (9th Cir. 1989), the Court has discretion to deny an evidentiary hearing

6

"where the files and records conclusively show that the movant is not entitled to relief." The Court denied petitioner's 2255 Motion only after carefully reviewing the motion and opposition thereto. The Court held, "Viewing petitioner's claims against the record, . . . he fail[ed] to make a case for relief." (Order Denying Pet'r's 2255 Motion 18, CV ECF No. 16.) Indeed, petitioner failed to provide any admissible proof for his allegations. Because the files and records in this case conclusively showed that petitioner was not entitled to relief, the Court properly declined to hold an evidentiary hearing on his 2255 Motion.

        D.   <u>Standard for a Pro Se Party</u>

Finally, petitioner argues that the Court held him to "too high a standard as a pro se party." However, the Court granted every application from petitioner for an extension of time to file a reply. His reply was originally due November 12, 2010. On January 19, 2011, the Court granted petitioner's Ex Parte Application for an Extension of Time to File Reply, extending the deadline to April 4, 2011. Successive extensions were granted, extending filing deadlines to June 3, 2011, and then to August 3, 2011. Petitioner did not file a reply under the modified briefing schedule nor did he request additional time to file.[3] On December 14, 2011, still not having heard from petitioner, the Court issued its Order Denying Petitioner's 2255 Motion.

---

[3] Mr. Cortez helped petitioner file the first request for an extension of time to file his reply to the government's opposition. (Cortez Decl. ¶ 7.) Petitioner then filed two additional such requests on his own. Clearly petitioner knew how to request an extension of time.

7

1         The Court gave petitioner every reasonable opportunity to
2 file a reply before ruling on his 2255 Motion.  Therefore,
3 petitioner's argument that the Court held him to "too high a
4 standard as a pro se party" is unavailing.
5         E.   Second or Successive § 2255 Motion
6         Were this a second or successive § 2255 motion, a
7 position urged by the government (but eschewed by petitioner), the
8 district court would lack jurisdiction.  28 U.S.C. § 2255(h);
9 Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).  Based on
10 petitioner's firm assertion that he does not wish to raise any new
11 claims, however, the Court does not construe the Motion to Reopen
12 as a second or successive § 2255 motion.  See Cooper, 274 F.3d 1273
13 ("Generally, a new petition is 'second or successive' if it raises
14 claims that were or could have been adjudicated on their merits in
15 an earlier petition.").  Instead, for the reasons stated, the Court
16 denies the Motion to Reopen on the merits.
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**IV.**

**CONCLUSION**

Assuming jurisdiction and discretion to grant relief, the Court denies the Motion to Reopen. The cause asserted for delay is not meritorious. Moreover, the content of the promised "meaningful response" remains undisclosed. Perhaps the Motion to Reopen is meant to revive the appealability of the December 15, 2011 judgment. In any event, petitioner fails to show good cause to grant the Motion to Reopen, and it is in its entirety denied. Any request for a certificate of appealability is denied. See 28 U.S.C. § 2255(h).

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order on counsel for all parties in this action.

DATED: July 30, 2013.

*ALICEMARIE H. STOTLER*
ALICEMARIE H. STOTLER
U.S. DISTRICT JUDGE